Jaime Ross (SBN #293616)
Santa Barbara County
Immigrant Legal Defense Center
1136 E. Montecito St.
Santa Barbara, CA 93103
Telephone: (805) 689-0130
Email: jaime@sbimmigrantdefense.org

*Pro Bono* Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE HERNANDEZ ANGELES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; DAVID VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; FERETI SEMAIA; Warden, Adelanto ICE Processing Center; ERNESTO SANTACRUZ Jr., Acting Field Office Director of the Los Angeles Immigration and Customs Enforcement Office in their official capacities,<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241;**<br><br>**VERIFIED PETITION**<br><br>**PETITIONER'S DHS NO: A095-772-293** |

## INTRODUCTION

1. Petitioner JORGE HERNANDEZ ANGELES ("Petitioner"), by and through undersigned counsel, files this petition for a writ of habeas corpus challenging his unlawful arrest by Immigration and Customs Enforcement ("ICE") agents and his current unlawful detention in the custody of the Department of Homeland Security ("DHS").

2. Petitioner has four U.S. Citizen children, three of whom are minors. Since Petitioner's unlawful arrest and detention by ICE, two of his minor children have experienced major declines in their mental health, including suicidal ideation, depression, and self-harming behaviors. Petitioner is the primary provider for his young family and a pillar of emotional and psychological support. His continued unlawful detention is not only inflicting irreparable harm on Petitioner by restraining his liberty; it is also placing the health and safety of his U.S. citizen children at risk by depriving them of the emotional, physical and material support that they require.

3. ICE took Petitioner into custody without an arrest warrant, and without any notice or opportunity to be heard before being placed into immigration detention. After being unlawfully detained, ICE Officers told Mr. Angeles that if he did not sign a voluntary departure agreement, he would be detained for several months before seeing a judge. Based on these misrepresentations, Mr. Angeles' signed a voluntary departure document, which was later rescinded by undersigned counsel after meeting and advising Petitioner about his rights.

4. Specifically, on October 5, 2026, Petitioner was exiting the parking lot of a county building in Santa Maria, California, when ICE officers said his name and instructed him that he was being placed under arrest. Mr. Angeles was never shown an arrest warrant nor informed that he was subject to one and the officers did not make any attempt to provide a factual or legal basis for believing that Mr. Angeles was a flight risk or danger to the community.

5. Petitioner is a 42-year-old Mexican citizen, who fled his home country when he was only twenty-two years old. Petitioner has resided in the U.S. for over twenty years, where he has raised four USC children who continue to depend on him for emotional and material support.

6. Two of Petitioner's minor children suffer from severe mental health conditions including depression, anxiety, and suicidal ideation. Because of these conditions, Petitioner's wife cannot work and must remain at home to care for the children and ensure their safety, leaving Petitioner as the sole provider for his family.

7. Petitioner's criminal history in the United States is limited to a single DUI conviction that is nearly twenty years old, and one arrest in October 2, 2026, that remains pending. Throughout the course of his arrest and detention, ICE has not proffered any basis to believe Petitioner is a flight risk nor danger to the community.

8. Petitioner is prima facie eligible for Non-LPR Cancellation of Removal, as well as Asylum, Withholding, and Protection under CAT. Petitioner is being assisted in those petitions by undersigned *pro bono* legal counsel.

9. Petitioner has strong ties to the community, including supporting and caring for his four USC children, two of whom require ongoing and immediate medical attention for their mental health conditions.

10. Petitioner's detention violates his rights under the Immigration and Nationality Act and the Fourth Amendment of the U.S. Constitution, and his continued detention based on his unlawful arrest violates his due process rights under the Fifth Amendment.

11. Accordingly, Petitioner respectfully requests a writ of habeas corpus ordering Respondents to immediately release him from their ongoing unlawful detention and prohibiting re-arrest without a hearing to contest that re-arrest before a neutral decisionmaker. In addition, to preserve this Court's jurisdiction, Petitioner requests that this Court order the government not to transfer him outside of the District or remove him from the United States for the duration of these proceedings.

## CUSTODY

12. Petitioner is in the physical custody and under the direct control of Respondents and their agents. On information and belief, at the time of filing this Petition, Petitioner is imprisoned at the Adelanto ICE Processing Center, an immigration detention facility located at 10250 Ranch Road, Adelanto, California.

## JURISDICTION

13. Jurisdiction is proper and relief is available pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 5 U.S.C. § 702 (waiver

of sovereign immunity), 28 U.S.C. § 2241 (habeas corpus jurisdiction), and Article I, Section 9, clause 2 of the United States Constitution (the Suspension Clause).

14. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

15. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner is currently detained.

16. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims brought herein occurred in the Central District of California.

**REQUIREMENTS OF 28 U.S.C. § 2243**

17. The Court must grant a petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

18. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.,* 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

19. Petitioner JORGE HERNANDEZ ANGELES is a parent of four U.S. citizen children, three of whom are minors. He was wrongfully arrested, without a warrant, by ICE agents on October 5, 2026, while exiting a county building in Santa Maria, California. He has been in immigration detention at the Adelanto ICE Processing Facility since that date.

20. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, Adelanto, California, where Petitioner is detained. He has immediate physical custody of Petitioner. He is sued in his official capacity.

21. Respondent MARKWAYNE MULLIN is the Secretary of DHS. He is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees ICE, which is responsible for Petitioner's detention. Mr. Mullin has ultimate custodial authority over Petitioner. He is sued in his official capacity.

22. Respondent TODD BLANCHE is the Acting Attorney General of the United States. He has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. He is also responsible for the Department of Justice. He is sued in his official capacity.

23. Respondent DAVID VENTURELLA is the Acting Director of ICE, a federal law enforcement agency within DHS. ICE's responsibilities include operating the immigration detention system. In his capacity as ICE Acting Director, Respondent Venturella exercises control over and is a custodian of persons held at ICE facilities nationally. He is Petitioner's immediate custodian and is responsible for Petitioner's detention. He is sued in his official capacity.

24. Respondent ERNESTO SANTACRUZ JR is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division. As such, he is the custodian of all persons held at the ICE facilities within the Los Angeles Field Office. He is Petitioner's immediate custodian and is responsible for Petitioner's detention. He is sued in his official capacity.

## EXHAUSTION

25. In habeas claims, exhaustion of administrative remedies is prudential, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). As applicable here, a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative

proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation and quotation marks omitted). Here, exhaustion is not required because no other forum exists in which Petitioner can raise his claims, exhaustion would be futile, there is no requirement to exhaust before challenging the constitutionality of an arrest or detention, and Petitioner will "suffer irreparable harm if unable to secure immediate judicial consideration of [his] claim." *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992).

## FACTS

26. Petitioner is a 42-year-old Mexico citizen, who fled his home country when he was just twenty-two years old. Petitioner first entered the U.S. without inspection in or around 2006. He has resided in the U.S. for over twenty years.

27. Petitioner has four U.S. Citizen children, three of whom are minors. Since Petitioner's unlawful arrest and detention by ICE, two of his minor children have experienced major declines in their mental health, including suicidal ideation, depression, and self-harming behaviors. Petitioner is the primary provider for his young family and a pillar of emotional and psychological support. His continued unlawful detention is not only inflicting irreparable harm on Petitioner by restraining his liberty; it is also placing the health and safety of his U.S. citizen children at risk by depriving them of the emotional, physical and material support that they require.

28. ICE took Petitioner into custody without an arrest warrant, and without any notice or opportunity to be heard before being placed into immigration

detention. After being unlawfully detained, ICE Officers told Mr. Angeles that if he did not sign a voluntary departure agreement, he would be detained for several months before seeing a judge. Based on these misrepresentations, Mr. Angeles' signed a voluntary departure document, which was later rescinded by undersigned counsel after meeting and advising Petitioner about his rights.

29. Specifically, on October 5, 2026, Petitioner was exiting the parking lot of a county building in Santa Maria, California, when ICE officers said his name and instructed him that he was being placed under arrest. Mr. Angeles was never shown an arrest warrant nor informed that he was subject to one and the officers did not make any attempt to provide a factual or legal basis for believing that Mr. Angeles was a flight risk or danger to the community.

30. Petitioner's criminal history in the United States is limited to a single DUI conviction that is nearly twenty years old, and one arrest in October 2, 2026, that remains pending. Throughout the course of his arrest and detention, ICE has not proffered any basis to believe Petitioner is a flight risk nor danger to the community.

31. Petitioner is prima facie eligible for Non-LPR Cancellation of Removal, as well as Asylum, Withholding, and Protection under CAT. Petitioner is being assisted in those petitions by undersigned *pro bono* legal counsel.

32. Petitioner has strong ties to the community, including supporting and caring for his four USC children, two of whom require ongoing and immediate medical attention for their mental health conditions.

33. Notwithstanding the foregoing, ICE continues to hold Petitioner in custody in violation of his right to due process. As a result, his children's vital medical care has been interrupted, and Petitioner and his family have, and continue to, suffer severe emotional harm from the forced separation.

## LEGAL FRAMEWORK

34. Challenges to immigration confinement "fall within the 'core' of the writ of habeas corpus." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence.").

### *Petitioner's Right to be Free from Unlawful and Warrantless Seizure*

35. A challenge to one's confinement necessarily implicates the legality of the process that led to the individual's detention. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. Under the Fourth Amendment, the initial seizure of a person—even to effectuate detention under immigration law—must be reasonable.

36. "The touchstone of the Fourth Amendment is reasonableness . . . ." *United States v. Knights*, 534 U.S. 112, 118 (2001). This is "generally assessed by carefully weighing 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *County of Los Angeles v. Mendez*, 581 U.S. 420, 427 (2017) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Overall, reasonableness is an objective inquiry that "is evaluated by looking at the 'totality of the circumstances.'" *Case v. Montana*, 607 U.S. ---, 146 S. Ct. 500, 508 (2026) (first quoting *Barnes v. Felix*, 605 U.S. 73, 80 (2025); and then quoting *Ohio v. Robinette*, 519 U.S. 33, 39 (1996)).

37. The Fourth Amendment's purpose of restraining arbitrary power governs searches, seizures, and identification demands across both criminal and civil contexts, including immigration enforcement. *See, e.g., Torres v. Madrid*, 592 U.S. 306, 321 (2021); *see also Grady v. North Carolina*, 575 U.S. 306, 307–11 (2015) (holding that a civil program that used GPS ankle bracelets to monitor recidivist sex offenders was a violation of the Fourth Amendment and constituted a search); *INS v. Delgado*, 466 U.S. 210, 216 (1984) (explaining that absent a reasonable suspicion of misconduct, detaining an individual to determine his identity when the individual refuses to show his identification violates the Fourth Amendment); *Brown v. Texas*, 443 U.S. 47, 50 (1979) ("[W]hen the officers detained [defendant] for the purpose of

requiring him to identify himself, they performed a 'seizure' of his person subject to the requirements of the Fourth Amendment.").

38. The Supreme Court has recognized that the Fourth Amendment extends to noncitizens who have "substantial connections" to the United States. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 272–73 (1990) ("[A]liens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country."); *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 881–82 (1975) ("For the same reasons that the Fourth Amendment forbids stopping vehicles at random to inquire if they are carrying aliens who are illegally in the country, it also forbids stopping or detaining persons for questioning about their citizenship on less than a reasonable suspicion that they may be aliens."); *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1046 (1984) (assuming, without deciding, that the Fourth Amendment applied to noncitizens in the United States illegally and stressing the importance of "Fourth Amendment rights of all persons").

39. Several circuit courts have similarly recognized or assumed that the Fourth Amendment applies to noncitizens and citizens alike. *Cotzojay v. Holder*, 725 F.3d 172, 181 (2d Cir. 2013) ("[I]t is uncontroversial that the Fourth Amendment applies to aliens and citizens alike."); *Carcamo v. Holder*, 713 F.3d 916, 921 (8th Cir. 2013) ("We have observed that the Fourth Amendment, which protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures,' applies as much to illegal aliens inside this country as it does to citizens."); *see also United States v. Murillo-Lopez*, 151 F.4th 584, 589–90 (4th Cir. 2025) (addressing noncitizens' Fourth Amendment challenge to stop).

40. The Supreme Court has repeatedly held that even when a search or seizure is otherwise justified, the Fourth Amendment still governs the manner in which it is carried out. *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) ("[I]t is plain that reasonableness depends on not only when a seizure is made, but also how it is carried out."). The Court has, for example, imposed limits on the reasonable force officers may use, on the reasonable methods for stopping and seizing a moving vehicle, and on the reasonable ways to enter a residence. *See Barnes v. Felix*, 605 U.S. 73, 79 (2025) (the question was whether the force deployed was justified from the perspective of a reasonable officer on the scene); *Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014) (officers acted reasonably "in using deadly force" to end a high speed car chase that lasted nearly five minutes); *Tennessee v. Garner*, 471 U.S. at 11 ("The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable."); *Graham v. Connor*, 490 U.S. 386, 395 (holding that all officer excessive force claims should be analyzed under the Fourth Amendment and its "reasonableness" standard); *Scott v. Harris*, 550 U.S. 372, 381 (2007) (holding that an officer acted reasonably when he rammed his car bumper into another's vehicle to terminate a chase and seize the individual); *United States v.*

*Sharpe*, 470 U.S. 675, 688 (1985) (holding that "a 20-minute stop is [not] unreasonable when the police have acted diligently and a suspect's actions contribute to the added delay").

41. The Constitution does not define "unreasonable," but neither is reasonableness exhausted by the requirement of a warrant and probable cause. While the Supreme Court has attempted to fit reasonableness into a warrant-and-exception framework, the prohibition on "unreasonable searches and seizures" does independent constitutional work. *See Kentucky v. King*, 563 U.S. 452, 459 (2011). Courts review one exception to the warrant requirement – exigency – on a case-by-case basis. *Langhe v. California*, 594 U.S. 295, 302 (2021).

***A Warrant is Required Under 8 U.S.C. § 1226(a)***

42. This District has already told the Immigration Courts the statute under which Petitioner is detained. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) ("Maldonado Bautista") (entering final judgment as to the Bond Eligible Class, of which Petitioner is a clear member). As such, Petitioner was arrested pursuant to 8 U.S.C. § 1226(a).

43. Arrests under § 1226(a) require a warrant. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.);

*see also Jennings v. Rodriguez,* 583 U.S. 281, 302 (2018); *see also Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 256-61 (D. Me. 2025) ("[A]bsent a warrant a noncitizen may not be ... detained under [§] 1226(a)"). The INA provides limited exceptions to permit authorized officers to "interrogate any alien or person believed to be an alien" concerning that person's "right to be or to remain in the United States," and can arrest that person "if [the officer] has reason to believe that the [person] ... is in the United States in violation of any ... law or regulation [regulating the admission, exclusion, expulsion, or removal of aliens] and *is likely to escape before a warrant can be obtained for his arrest*," 8 U.S.C. § 1357(a)(2), this provision is plainly not applicable where officers have already determined the information that they need to make the arrest.

***Petitioner's Detention Without a Warrant was Unconstitutional and Must Result in His Immediate Release***

44. By not issuing a warrant for Petitioner's arrest, the Government did not comply with the express terms of section 1226 when it detained Petitioner. Thus, the Government would fail on an argument that he was detained on that basis. The statute plainly states: "On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained..." 8 U.S.C. § 1226(a). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *J.A.C.P.*, 2025 WL 3013328 at *8 (citing *Chogllo Chafla*, 804 F.

Supp. 3d at 264; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025)). As in *J.A.C.P.*, Petitioner's detention is improper because he was not arrested pursuant to a warrant; since the Government did not comply with the plain language of section 1226(a), Petitioner's immediate release is justified. 2025 WL 3013328 at *4.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fourth Amendment to the United States Constitution**
**(Unlawful Arrest)**

45. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

46. The Fourth Amendment protects the right of persons present in the United States to be free from unreasonable seizures by government officials.

47. When Petitioner was arrested by masked agents with guns and bulletproof vests without a warrant and without exigent circumstances, forced into an unmarked vehicle, and then driven to the ICE Field Office, his seizure violated his Fourth Amendment right to be free from "arbitrary and oppressive interference by enforcement officials" with his privacy and personal security. *United States v. Martinez-Fuerte*, 428 U.S. 543, 554 (1976).

**SECOND CLAIM FOR RELIEF**
**Violation of the Immigration and Nationality Act**
**(8 U.S.C. § 1226(a) – Warrantless Arrest)**

48. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

49. Petitioner was arrested on October 5, 2026, ostensibly due to a targeted enforcement action. Nevertheless, ICE has never produced a warrant. A noncitizen may be arrested and detained pending removal proceedings only "on a warrant issued by the Attorney General." The warrant requirement is an absolute precondition to any arrest or subsequent detention under § 1226(a).

50. Because no warrant was issued before Petitioner's arrest, the government lacks statutory authority to detain him. No other provision of the INA authorizes his detention: § 1226(c) (criminal mandatory detention) does not apply; § 1225(b)(2) does not apply as Petitioner is not an applicant for admission; and § 1231 does not apply because he has no final removal order.

51. Detention without a pre-arrest warrant violates § 1226(a) and requires immediate release. *See J.A.C.P.*, 2025 WL 3013328, at *8.

**THIRD CLAIM FOR RELIEF**
**Violation of the Fifth Amendment to the United States Constitution**
**(Substantive Due Process)**

52. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

53. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

54. Immigration detention is constitutionally permissible only when it furthers the government's legitimate goals of ensuring the noncitizen's appearance during removal proceedings and preventing danger to the community. *See id.* If detention is not related to these goals, is "excessive in relation" to them, or is "employed to achieve objectives that could be accomplished" with "alternative and less harsh methods," then it violates substantive due process. *Jones v Blanas,* 393 F.3d 918, 931-32 (9th Cir. 2004).

55. Here, Petitioner was stopped by ICE officers while lawfully exiting a county building in Santa Maria, California. ICE Officers called Petitioner's name and informed him that he was being placed under arrest. At no point during this interaction, did ICE officers present or allege the presence of an arrest warrant. Instead, ICE officers handcuffed Petitioner, threw him into an unmarked vehicle, and made multiple misrepresentations regarding his rights before an immigration judge, before transferring him to the Adelanto Detention Immigration Center.

56. For the foregoing reasons, Petitioner's detention is in violation of his substantive due process right to be free from arbitrary and punitive detention.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully asks this Court to take jurisdiction over this matter and grant the following relief:

i. Assume jurisdiction over this matter;

ii. Issue a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody;

iii. Declare that Petitioner's arrest and detention violate the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the Immigration and Nationality Act at 8 U.S.C. § 1226(a);

iv. Enjoin Respondents from transferring Petitioner outside this District or removing Petitioner from the United States pending these proceedings;

v. Enjoin Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter with seven (7) days' notice in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community;

vi. Award Petitioner his costs and reasonable attorneys' fees as provided for by the Equal Access to Justice Act, and 28 U.S.C. § 2412; and

vii. Grant such further relief as this Court deems just and proper.

Respectfully Submitted,

DATED: October 26, 2026

s/ Jaime Ross
Jaime Ross
SB Immigrant Legal Defense Center
*Attorney for Petitioner*

## **VERIFICATION**

I, Jaime Ross, declare as follows:

I am an attorney admitted to practice law in the State of California.

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys.

I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 26, 2026.

s/ Jaime Ross
Jaime Ross
SB Immigrant Legal Defense Center
*Attorney for Petitioner*