UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.: 2:26-cv-12476-RAO Date: November 2, 2026

Title: Jorge Hernandez Angeles v. Markwayne Mullin et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 26, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 28, 2026. Dkt. No. 7 ("Ans."). Petitioner filed a Traverse on October 30, 2026. Dkt. No. 9.

Petitioner, a citizen of Mexico, has been detained at Adelanto ICE Processing Center since October 5, 2026. The Petition alleges violations of the Fourth Amendment and the Immigration and Nationality Act, as well as substantive due process. Respondents acknowledge that Petitioner appears entitled to a bond hearing under 8 U.S.C. § 1226(a).

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Petition alleges violations of the (1) Fourth Amendment; (2) 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA); and (3) Fifth Amendment substantive due process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-12476-RAO Date: November 2, 2026
Title: Jorge Hernandez Angeles v. Markwayne Mullin et al.

Regarding Petitioner's Fourth Amendment and substantive due process claims, the Court finds release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same). Accordingly, the Court denies the Petition to the extent it seeks Petitioner's release based on these claims.

As to Petitioner's claim that his detention violates Section 1226(a) of the INA, the Court agrees and orders that he be provided a bond hearing.

Accordingly, it is ORDERED that the Petition is granted in part. Within seven (7) days of the entry of judgment, Respondents must provide Petitioner (A#095-772-293) with a bond hearing before an immigration judge at which the government bears the burden of proving by clear and convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[1]

**IT IS SO ORDERED.**

[1] The Court finds that Petitioner has failed to demonstrate that he is entitled to any different or additional relief.